# Haddock *versus* Grinnell Manufacturing Corporation.
## Same *versus* Kiernan to use.
## Same *versus* Hutchinson et al.
## Same *versus* Miles to use.
## Same *versus* Dewitt to use.
## Same *versus* Crider to use.

1. In forming a limited partnership under the Act of 1836, the object of the Act being information to creditors, strict compliance with the essential requirements of the statute is necessary, as well on a renewal as on the original formation, and the affidavit of a general partner on a renewal that a sum, specified and stated to have been paid by a special partner in former articles of co-partnership, has been so contributed and remains in the common stock, without stating in what condition it thus remains, is insufficient.

2. In order to obtain the benefit of the limited partnership Act, by renewal of the original agreement, as far as the special capital is concerned, it must appear that such capital is in the same condition as when the partnership was originally formed, unimpaired, and available for

[Haddock v. Grinnell Manuf'g Corporation.]

creditors, and these facts must appear from the affidavit of the general partner.

3. During any period intervening between the expiration of a limited partnership and the date of its renewal, such partnership is general, and the special partners of the old firm are liable for all debts incurred during that period.

4. Whether the occurrence of an interval between the expiration of a limited partnership agreement and the renewal thereof between the same parties will of itself operate so as to prevent the renewal from inuring to the benefit of the special partner, not decided.

March 25th, 1885.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.    GREEN J., absent.

ERROR to the Court of Common Pleas No. 3, of *Philadelphia county:*  Of January Term 1885, Nos. 238, 239, 240, 241, 242 and 243.

Six actions of assumpsit, as follows:  The Grinnell Manufacturing Corporation against Henry Vanuxem, W. Moore Wharton, Stanley B. Haddock, and Daniel Haddock, Jr., co-partners, now or late trading as Vanuxem, Wharton & Co., to recover on certain acceptances.

Mary Kiernan, to the use of Alexander B. Renshaw, against same, to recover amount of due-bill.

Samuel Hutchinson and Emanuel Ogden, trading as Hutchinson & Ogden, against same, to recover on note.

H. Miles, to the use of Alexander B. Renshaw, against same, to recover on due-bill.

Alexander R. Dewitt, to the use of Alexander B. Renshaw, against same, to recover on due-bill.

M. E. Crider, to use of Alexander B. Renshaw, against same, to recover on due-bill.

Daniel Haddock, Jr., who claimed to be a special partner in said firm, and not liable as a general partner filed affidavits of defense similar in each case as follows:

Daniel Haddock, Jr., being duly sworn, says that he is one of the defendants in the above case; and that he has a full defence to the plaintiff's claim upon the acceptances, copies of which have been filed in the case, the nature and character of which are as follows, viz.: That the deponent did not make or sign the said acceptances, or either of them, or authorize the same to be made or signed in any such manner as that he should be liable thereon as a general partner, that he the deponent is not and was not when the said acceptances were made and dated, or at any prior time, a general partner in the said firm of Vanuxem, Wharton & Co., but was a special or limited partner therein, by virtue of articles of agreement

between his co-defendants and himself, recorded in the office of the recorder of deeds for the county of Philadelphia, in Limited Partnership-Book No. 5, page 207, &c., and in the same book, page 305, &c. That the said limited partnership was duly and properly formed under the provisions of the Act of Assembly of the Commonwealth of Pennsylvania, approved the twenty-first day of March, A. D., 1836, and its supplements, to continue for the term of one year from the first day of January, A. D. 1882, and the same was extended by the articles recorded on page 305 of the said book, for the further term of two years from the thirty-first day of December, A. D. 1882. Copies of the said agreements as recorded are hereto attached.

The deponent, therefore, submits to the court, that his name should not have been inserted in the plaintiff's writ as a general partner, and that he is not liable in this action as such.

Sworn and subscribed etc.          D. HADDOCK, JR.

ORIGINAL CERTIFICATE.—VANUXEM, WHARTON & CO.

This is to certify to all to whom these presents shall come that we whose names are hereto subscribed, to wit: Henry Vanuxem, of the city of Camden, state of New Jersey; William Moore Wharton and Stanley B. Haddock, both of the city of Philadelphia, state of Pennsylvania, commission merchants, and Daniel Haddock, of the said city of Philadelphia, gentleman, have entered into a limited partnership for the business of selling and dealing in dry goods on commission or otherwise in said city of Philadelphia, within the state of Pennsylvania, under and by virtue of an Act of the General Assembly of the said Commonwealth, passed the twenty-first day of March, A. D. 1836, entitled "An Act relative to limited partnerships," and all and singular the supplements thereto, upon the terms, conditions, and liabilities hereinafter set forth, to wit:—

I. The said partnership is to be conducted under the name or firm of Vanuxem, Wharton and Company.

II. The general nature of the business intended to be transacted by the said firm or partnership is the selling and dealing in dry goods on commission or otherwise in said city of Philadelphia.

III. The general partners in the said firm are Henry Vanuxem, residing at No. 229 North Third street, in the city of Camden, state of New Jersey; William Moore Wharton, residing at 709 Locust street, and Stanley B. Haddock, residing at No. 1933 Spring Garden street, both in the said city of Philadelphia; and the special partner is Daniel Haddock, Jr., residing at No. 806 Pine street in said city of Philadelphia.

[Haddock v. Grinnell Manuf'g Corporation.]

IV. The said special partner has contributed to the common stock of the said firm the sum of fifty thousand ($50,000) dollars in cash.

V. The said partnership is to commence on the first day of January, A. D. 1882, and is to terminate on the thirty-first day of December, A. D. 1883.

Made and severally signed by the said partners at the city of Philadelphia, the thirty-first day of December, A. D. 1881.

D. HADDOCK, JR.,
HENRY VANUXEM,
W. MOORE WHARTON,
STANLEY B. HADDOCK.

(Acknowledged December, 31st, 1881.)

CITY AND COUNTY OF PHILADELPHIA, *ss.*

Before me the subscriber, a notary public for the Commonwealth of Pennsylvania, residing in and for the city and county of Philadelphia, personally came and appeared on the thirty-first day of December, A. D. 1881, Henry Vanuxem, afore named, one of the general partners in the firm of Vanuxem, Wharton & Co., referred to in the preceding certificate, and being duly sworn he did depose and say that the sum specified in the said certificate to have been contributed by the special partner therein named to the common stock, to wit, fifty thousand dollars by the said Daniel Haddock, has been so contributed and actually and in good faith paid in cash.

HENRY VANUXEM.

Sworn and subscribed to before me the day and year aforesaid.

CHARLES W. SPARHAWK,
*Notary Public.*

[SEAL]

Affidavits of publication of notice in three newspapers, *Evening Telegraph*, *North American*, and *Legal Intelligencer*, filed February 17th, 1882.

RENEWAL AGREEMENT. VANUXEM, WHARTON & CO.

*This agreement*, made the sixth day of January, A. D. 1883, between Daniel Haddock, Jr., of the first part; Henry Vanuxem, of the second part; William Moore Wharton, of the third part, and Stanley B. Haddock, of the fourth part, each for himself, his heirs, executors, and administrators, to and with the other and others, his or their executors and administrators,

*Witnesseth*, That whereas on the thirty-first day of December, A. D. 1881, the parties above named, by certain articles of agreement, associated themselves in a limited co-partner-

[Haddock *v.* Grinnell Manuf'g Corporation.]

ship under the Act of Assembly of the Commonwealth of Pennsylvania, approved the twenty-first day of March, A. D. 1836, and the several supplements thereto, for the purpose of selling and dealing in dry goods on commission, &c., under the firm name and style of Vanuxem, Wharton and Company. for the term of one year from the first day of January, A. D, 1882, said articles of limited co-partnership being recorded agreeably to the provisions of the said Act of Assembly, in the recorder's office in the city of Philadelphia, in Limited Partnership-book, No. 5, page 207, on the thirty-first day of December, A. D. 1881.

*And Whereas,* Said limited co-partnership did expire by limitation the thirty-first day of December, A. D. 1882,

*Now this Agreement Witnesseth,* that the above-named parties do by these presents mutually covenant and agree to and with each other, their respective heirs, executors, administrators, and assigns, to continue the said limited co-partnership as agreed upon in the above-mentioned articles of agreement, recorded as aforesaid, for the further term of two years from the thirty-first day of December, A. D. 1882, according to the several covenants, agreements, and stipulations contained in the original articles of agreement herein referred to.

*In Witness Whereof,* We have hereunto set our hands and seal this          day of January, A. D. 1883.

Sealed and delivered in the presence of

DANIEL HADDOCK JR., [SEAL]
HENRY VANUXEM, [SEAL]
W. MOORE WHARTON, [SEAL]
STANLEY B. HADDOCK, [SEAL]

Acknowledged January 6th, 1883.

AFFIDAVITS.

CITY AND COUNTY OF PHILADELPHIA,
    STATE OF PENNSYLVANIA.

Before me the subscriber, a notary public for the Commonwealth of Pennsylvania, residing in Philadelphia, personally appeared Daniel Haddock, Jr., who upon being duly sworn according to law, says that the sum contributed by him as special partner in the firm of Vanuxem, Wharton & Co., viz., the sum of •fifty thousand dollars, is not withdrawn or impaired, but is to remain in the said firm according to the provisions of an agreement this day made for the continuance of the said co-partnership.

Sworn and subscribed before me this sixth day of January, A. D. 1883.
CHARLES HAZLEHURST,
    *Notary Public.*

DANIEL HADDOCK, JR.
[SEAL.]

[Haddock v. Grinnell Manuf'g Corporation.]

CITY AND COUNTY OF PHILADELPHIA, }
    STATE OF PENNSYLVANIA.           }

Before me, a notary public for the Commonwealth of Pennsylvania, residing in the city of Philadelphia, appeared Stanley B. Haddock, one of the general partners referred to in the foregoing certificate of continuance of co-partnership, and being duly sworn says that the sum of fifty thousand dollars specified in the original articles of co-partnership referred to in the foregoing certificate to have been contributed by the special partner, Daniel Haddock, Jr., to the common stock of the said firm of Vanuxem, Wharton & Co., has been so contributed, and remains in the common stock of the said firm, as contained in the foregoing agreement.

Sworn and subscribed before ⎫
    me, this sixth day of Jan- ⎪
    uary, A. D. 1883.            ⎬    STANLEY B. HADDOCK.
CHARLES HAZELHURST,              ⎪
            Notary Public.       ⎭

Affidavit of publication of notice advertised in *Legal Intelligencer*, *Evening Telegraph*, and *North American*, filed February 17th, 1883, recorded January 6th, 1883.

The plaintiff in each case took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which rules the court, after argument, made absolute, LUDLOW, P. J., filing the following opinion:—

The question presented in this case is a single one, and we think can be answered by an attentive consideration of the Acts of Assembly bearing upon the cause.

The legislation which was intended to limit the responsibility of a partner, imposed upon such a partner a strict compliance with certain prerequisites; to neglect these was to destroy that protection which the Act of Assembly was intended to afford.

The reason for the enactment of the law at all renders anything but a strict construction of this legislation manifestly unjust to the public.

At an early day the courts insisted upon this strict construction of the law, and this policy has not been changed.

When the original articles of co-partnership in this case were executed, every requirement of the law was observed. When the original partnership expired a new agreement was made, which we think is defective in several particulars.

1st. In point of time, the continuity was broken, when six days were allowed to elapse between the termination by limitation of the one contract and the formation of the new one.

While we do not rest our opinion entirely upon this point, yet with the decision in Andrews v. Schott, 10 Barr, 47, before

[Haddock *v.* Grinnell Manuf'g Corporation.]

us it is difficult to preceive how we could avoid its effect, if nothing else appeared in the cause.

2d. In addition to what has been said, another and more serious difficulty appears in that the requirements of the twelfth section of the Act of 1836 have not been complied with.

This section provides that "Every renewal or continuance of such partnership beyond the time originally fixed for its duration shall be certified, acknowledged, and recorded, and an affidavit of a general partner made and filed, and notice be given in the manner herein required for its original formation, and every such partnership which shall be otherwise renewed or continued shall be deemed a general partnership." The certificate of renewal omits reference to special capital.

The affidavit of the general partner neglects to state in what form the special capital contributed remained in the new firm, whether as cash or merchandise. The affidavit of the alleged special partner being entirely unnecessary, we do not notice, although it also is defective. If the whole object of the legislation now under consideration was to provide accurate and reliable information for the public, in any case in which exemption from general liability was the object to be accomplished, in an original agreement of co-partnership, the same reason we think applies with additional force where a renewal or continuance of such partnership is contemplated.

The fact is, these laws give special immunity from liability, hence any defendant who seeks protection must show that he has strictly complied with the express mandate of the law. All the decisions, from Richardson *v.* Hogg, 2 Wr., 153, to Bank *v.* Gruber, 14 W. N. C., 12, are in the same direction, and we cannot do otherwise than enter judgment for want of a sufficient affidavit of defence.

Rule absolute in each case.

The defendant Daniel Haddock, Jr., took a writ of error in each case, assigning for error the action of the court in entering judgments for want of sufficient affidavits of defence.

*John G. Johnson*, for the plaintiff in error :—The court below thought that the affidavit was defective, because it " neglects to state in what form the special capital contributed remained in the new firm, whether as cash or merchandise." When the firm was permitted by the legislature to renew, it was permitted to continue to use the stock in the shape in which it happened to be at the time the former articles expired. The public knew, when it was announced that there had been a renewal, that there had not been, and could not have been, a contribution of new or additional capital in the shape

of either cash or merchandise, but that there had been an agreement to continue to use the common stock to which cash or merchandise had been originally contributed. To have announced, or sworn, that the special partner had made such contribution, or that he had done anything more than to agree to renew, would have been false. The court below seemed to think that such affidavit was needed; but we find no such requirement in the Act. All that is demanded is that when there is a renewal, or continuance, the fact that there has been such renewal or continuance shall be certified, acknowledged, recorded, and advertised, and that an affidavit to that effect of the general partner shall be filed and recorded. A certificate that there has been a renewal of an agreement, the contents of which had been previously made known to the public, embodies all the terms of such original agreement. There is no need to repeat them, and the Act does not require that this shall be done. The Act does not say that in every case of a renewal or continuance there shall be a certificate and affidavit made out in the terms of the original one, which necessarily embodied all the information, because there was no other manner in which it could be had. It is the renewal—the fact of the renewal—which must be certified. With the announcement of that, the fullest disclosure of persons, and terms, is made: Levy v. Lock, 5 Daly, 47, and 47 How. Pr., 494.

*Charles E. Morgan, Jr.,* (with whom was *Francis D. Lewis,*) for defendants in error, other than Hutchinson & Ogden.

*Richard P. White,* (with whom was *George H. Earle, Jr.,*) for Hutchinson & Ogden.

Mr. Justice PAXSON delivered the opinions of the Court, October 5th and 9th, 1885.

DANIEL HADDOCK, JR., *v.* GRINNELL MANUFACTURING CORPORATION, NO. 238.
SAME *v.* KIERNAN, TO USE, NO. 239.
SAME *v.* MILES, TO USE, NO. 241.
SAME *v.* DEWITT, TO USE, NO. 242.
SAME *v.* CRIDER, TO USE, NO. 243.

All of the above cases rest upon the same state of facts and are governed by the same principle. They may be considered together. The plaintiff in error was sued as a general partner of the firm of Vanuxem, Wharton & Co. In his affidavit of defence he alleged that he was not a general partner of said firm, but " was a special or limited partner therein, by virtue

of articles of agreement between his co-defendants and himself, recorded in the office of the Recorder of deeds for the county of Philadelphia, in Limited Partnership-Book No. 5, page 207, and in the same book page 305, &c. That the said limited partnership was duly and properly formed under the provisions of the Act of Assembly of the Commonwealth of Pennsylvania approved the twenty-first day of March, A. D. 1836, and its supplements, to continue for the term of one year from the first day of January, A. D. 1882, and the same was extended by the articles recorded on page 305 of the said book for the further term of two years from the thirty-first day of December 1882."

Copies of all papers relating to the formation of the said partnership and its renewal were attached to the affidavit. No question arises as to the regularity of the proceedings in the formation of the original partnership; the difficulty occurs as to its renewal. It is objected in the first place that the renewal did not take place until six days after the expiration of the original partnership, and in the second place, that the renewal was not accompained by the affidavits and certificates required by the Act of Assembly.

In Andrews *v.* Schott, 10 Barr, 47, the renewal did not take place until sixteen days after the expiration of the original partnership, and it was held that the continuity was broken, and that it was the formation of a new firm. It is proper to observe however, that there were other and weighty reasons for this ruling, among which may be mentioned the fact that other partners had been introduced. We need not speculate as to what the ruling of that case would have been had there been no other question involved save the mere break in the continuity. It is very clear in that case as well as in this, that from the expiration of the old firm to the date of the renewal, the partnership was general, and the special partner would have been liable for all debts contracted during that period. As this case turns upon other questions, we leave the effect of a renewal after the expiration of the original articles just where Andrews *v.* Schott left it.

The eleventh section of the Act of 1836 regulating limited partnerships provides that " every renewal or continuance of such partnership beyond the time originally fixed for its duration, shall be certified, acknowledged and recorded, and an affidavit of a general partner be made and filed, and notice given in the manner herein required for its original formation, and every such partnership which shall be otherwise renewed or continued shall be deemed a general partnership." The twelfth section of said Act provides : " That every alteration which shall be made in the names of the partners, in the

nature of the business, or in the capital or shares thereof, or in any other matter specified in the original certificate, shall be deemed a dissolution of the partnership, and every such partnership which shall in any manner be carried on after any such alteration shall have been made, shall be deemed a general partnership, unless renewed as a special partnership, according to the provisions of the last (eleventh) section."

Was this renewal a substantial compliance with the foregoing provisions of the Act of 1836? In considering this question we must bear in mind that while the Act was not intended to trip up those who have substantially and in good faith complied with its terms, yet inasmuch as it confers the privilege of embarking in business as a special partner without liability beyond the capital employed or put in by him, this court has uniformly held parties to a strict compliance with all the essential features of the law. All our decisions from Andrews v. Schott to the present time are consistent upon this point.

The Act of 1836 was intended to furnish information to creditors. This, and this only, is the object of its provisions which require the certificate to set forth the names and residence of the general and special partners, specifying which are general and which are special; the amount of capital contributed by the special partners; the length of the term of the partnership, &c. To a similar object must be referred the provisions of the Act providing for the acknowledgment and recording of the certificate; for the filing of an affidavit by the general partner that the sum specified as contributed by the special partner has been actually and in good faith paid in cash, and for the publication of the terms of the partnership. The penalty for a violation of any of these provisions is to make the firm a general partnership. An inquiry into the necessity of all this is foreign to this discussion. It is sufficient for us that the Act of Assembly so reads.

Does the certificate of renewal furnish the information to creditors required by the Act of 1836? It contains no reference to the special capital. The affidavit of the general partner sets forth "That the sum of $50,000 specified in the original articles of co-partnership referred to in the foregoing certificate to have been contributed by the special partner, Daniel Haddock, Jr., to the common stock of Vanuxem, Wharton & Co., has been so contributed, and remains in the common stock of the said firm, &c."

The pinch of the case is in the last line of the affidavit. It is stated that the special capital remains in the common stock of the firm. But in what shape does it remain? Is it in cash, in merchandise, or does it represent bad debts, a margin in

stock, or a speculation in real estate? The creditors are entitled to know when the partnership is renewed whether the special capital is a reality or a myth; whether it is in a shape to respond to their claims. It may never have been drawn out by the special partner; the affidavit may truly say it remains in the common stock of the firm, yet it may be in such shape as to be of no more value to creditors than if drawn out by the special partner.

The point was made that inasmuch as the eleventh section of the Act of 1836 does not specify what the affidavit of the general partner shall contain, it is only necessary to set forth the fact of the renewal in general terms. This construction of the Act would render it insensible. It provides, as before stated, that an affidavit of the general partner "shall be made and filed, and notice be given in the manner herein required for its original formation." This evidently means that the affidavit shall give as full information upon the renewal as upon the original formation of the limited partnership. A mere formal affidavit setting forth the renewal only, would not give creditors any valuable information as to the condition of the firm, and the object of the Act was to provide this notice. When a special partnership is continued or renewed it must be in the same condition so far as the special capital is concerned, as when it was originally formed. Such capital must be unimpaired; it must be in such condition as to be available for creditors, and it is the duty of the general partner to furnish this information in his affidavit. If this duty is neglected the partnership becomes general and the special partner has no immunity.

We need not discuss the affidavit of the special partner, as it is not involved in this case. The Act of 1836 designates the general not the special partner as the person who shall make the affidavit. Hence the affidavit of the special partner though never so full, is of no more account than that of any stranger to the firm. We might give a good reason for this were it necessary; it is sufficient for us to point to the Act of Assembly.

Upon the whole we find no error in this record and the judgment in each case is

Affirmed.

### HADDOCK *v.* HUTCHINSON ET AL., NO. 240.

The judgment in the above case is affirmed for the reason given in the other cases.